IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL GLEASON,

    Petitioner,

v.                                                                                                                      Civil No. 3:13-cv-61

GEORGE JANICE, Warden,

    Respondent.

## **REPORT & RECOMMENDATION**

### *I. INTRODUCTION*

On June 6, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his state conviction in West Virginia is unconstitutional. The Court ordered respondent to answer, which he did by filing a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). In turn, Petitioner responded by arguing that Respondent has waived the statute of limitations defense because it was not raised in state post-conviction habeas proceedings. The motion to dismiss is now ripe for this Court's review.

### *II. DISCUSSION*

Petitioner argues that Respondent did not raise the one year statute of limitations contained in § 2244 during state post-conviction proceedings. Thus, he has waived the defense in this federal action. Section 2244(d) provides, in relevant part,[1] that a "1-year period of limitation shall apply to

---

[1] There is no allegation of a state impediment, newly minted constitutional law made retroactive, or newly discovered evidence. Thus, the other triggering dates in the statue are inapplicable.

1

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This period is tolled during any state post-conviction proceedings. 28 U.S.C. § 2244(d)(2). The statute of limitations is an affirmative defense, but may also be raised by the Court *sua sponte*, *see Day v. McDonough*, 547 U.S. 198 (2006), and may also be waived by the respondent. *Id*. at 210, n.11.

The West Virginia habeas statute contains no such statute of limitations. In fact, the state habeas statute reads that a petition for habeas corpus may be filed "*at any time* after the conviction and sentence in the criminal proceedings have been rendered and imposed and the time for the taking of an appeal with respect thereto has expired or the right of appeal with respect thereto has been exhausted." W. VA. CODE § 53-4A-1(e) (emphasis added). It is axiomatic that a respondent need not raise a federal statute of limitations defense for a federal petition that does not yet exist, or with the prophetic notion that one might be filed in the future. Thus, Petitioner's waiver argument that Respondent failed to raise a federal statute of limitations defense in a state habeas petition for which there is no statute of limitations must fail.

Because the Court finds that Respondent has not waived the statute of limitations defense, the Court will proceed to determine whether the petition was timely filed. The habeas statute is clear that the statute of limitations begins to run at the conclusion of direct review of the conviction. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). This time concludes when the United States Supreme Court denies review, or the time with which to file a writ of cert—90 days—expires. *Id*. at 328. Petitioner's direct appeal was denied on September 10, 2008, and he did not file a petition

for cert, making his conviction final on December 7, 2008. Adding a day pursuant to Federal Rule of Civil Procedure 6(a), *see Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000), starts the one year clock running on December 8, 2008. Accordingly, Petitioner's federal habeas petition, or a state habeas petition triggering the tolling clause, must have been filed by December 8, 2009. Petitioner's state habeas petition was not filed until February 24, 2010, making the instant petition clearly untimely.

Finally, Petitioner argues that claims of equitable tolling have not been waived, as intimated by Respondent. However, he makes no claims as to why equitable tolling should apply. The one year "limitations period is subject to equitable tolling where a prisoner has been prevented by extraordinary circumstances beyond his control or external to his own conduct from filing his petition on time, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (en banc), and has diligently pursued his rights, *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)." *Parmaei v. Jackson*, 378 Fed. Appx. 331, 332 (4th Cir. 2010) (unpublished). But again, Petitioner makes no claim that would trigger equitable tolling, despite being represented by two attorneys. Accordingly, because the petition is untimely and there has been no claims that would put the Court on notice of any possible equitable tolling, the Court finds that the petition should be **DISMISSED**.

## III. CONCLUSION & RECOMMENDATION

Because the petition for writ of habeas corpus is untimely under 28 U.S.C. 2244(d), and because there is no equitable tolling, the undersigned **RECOMMENDS** that the petition be **DISMISSED**.

Any party may, within fourteen (14) days of receipt of this recommendation, file with the Clerk of the Court written objections identifying the portions of the recommendation objected to,

and the basis for those objections. A copy of the objections should also be submitted to the District Judge of record. Failure to timely object to the recommendation will result in a waiver of the right to appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to mail a copy of this Order to Petitioner and all counsel of record.

Dated: July 24, 2013 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE