IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL GLEASON,**

Petitioner,

v.	CIVIL ACTION NO. 3:13-CV-61
(JUDGE GROH)

**GEORGE JANICE, Warden,**
**Stevens Correctional Center,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.  Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Judge Seibert for submission of a proposed Report and Recommendation. Judge Seibert filed his Report and Recommendation [Doc.13] on July 24, 2013.  In that filing, he recommended that this Court grant Respondent's Motion to Dismiss and that Petitioner's 28 U.S.C. § 2254 petition be denied and dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Judge Seibert's Report and Recommendation were due within fourteen (14) days after being served with a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections on August 6, 2013. Accordingly, this Court will undertake a *de novo* review of those portions of Judge Seibert's findings to which objection is made. This Court will review the remainder of the Report and Recommendation for clear error.

## II. Background

### A. Factual Background

On June 6, 2005, a Marion County Grand Jury returned an indictment charging Michael Gleason with four counts. On July 13, 2006, a Marion County petit jury convicted Gleason on all four counts. On July 18, 2006, Gleason, by counsel, filed various post-trial motions. On January 12, 2007, the trial court ruled on Gleason's post-trial motions. On February 27, 2007, the trial court sentenced Gleason.

Gleason subsequently appealed his conviction and sentence to the West Virginia Supreme Court of Appeals on March 10, 2008. However, on September 10, 2008, the West Virginia Supreme Court of Appeals summarily refused Gleason's direct appeal. Gleason did not file a timely certiorari petition with the United States Supreme Court.

Therefore, his conviction became final on December 8, 2008.

On February 24, 2010, Gleason filed a petition for post-conviction relief in the Circuit Court of Marion County. On March 1, 2010, the trial court denied Gleason's relief in its entirety. On June 30, 2011, Gleason, by counsel, appealed the trial court's final order to the West Virginia Supreme Court of Appeals. On June 7, 2012, the West Virginia Supreme Court affirmed the trial court's final order.

### B. Procedural History

On June 6, 2013, Gleason, by counsel, filed a petition pursuant to 28 U.S.C. § 2254 for federal habeas corpus relief. On June 10, 2013, Judge Seibert ordered Respondent to show cause why Gleason's petition should not be granted. On July 8, 2013, Respondent filed a motion to dismiss the petition as untimely filed. On July 19, 2013, Gleason responded arguing that Respondent waived the statute of limitations defense because it was not raised as a defense in state post-conviction habeas proceedings.

### III. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-

44 (4th Cir. 1999).

But, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and alteration omitted).

### IV. Discussion

The Court has two issues before it: (1) whether Respondent waived the defense of the statute of limitations and (2) if the defense was not waived, whether Gleason's 28 U.S.C. § 2254 petition was filed within the one-year statute of limitations. Gleason objects to Judge Seibert's recommendation that his petition is untimely and should be dismissed. Gleason contends his petition was timely because it was filed within one year after the conclusion of his state post-conviction relief. However, Respondent contends that Gleason's petition is untimely because it was not filed within one year of the date his conviction became final. Gleason responded that Respondent has waived the statute of limitations because it was not raised in state post-conviction proceedings.

First, Respondent has not waived the statute of limitations defense. Although 28 U.S.C. § 2244(d)(1) would have rendered a federal petition untimely, the federal statute does not govern the statute of limitations period for a petition for writ of habeas corpus

filed in the state courts. Indeed, West Virginia does not have a statute of limitations for habeas corpus petitions filed in state courts. See W. Va. Code § 53-4A-1(e) (stating that a petition for habeas corpus may be filed "at any time after the conviction and sentence in the criminal proceedings have been rendered and imposed and the time for the taking of an appeal with respect thereto has expired or the right of appeal with respect thereto has been exhausted"). Therefore, Respondent was not required to "raise a federal statute of limitations defense for a federal petition that does not yet exist, or with the prophetic notion that one might be filed in the future." [Doc. 13, p.2]. Accordingly, Respondent has not waived the federal statute of limitations defense.

Second, Gleason's petition is untimely. Gleason's petition is subject to 28 U.S.C. § 2244(d)(1)'s statute of limitations because he is a person in custody pursuant to the judgment of a state court. Pet. 2. Therefore, section 2244(d)(1) provides that a one-year period of limitation shall apply, and the limitation period begins on the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] First, Gleason's judgment became final by the conclusion of direct review on September 10, 2008–the date the West Virginia Supreme Court of Appeals summarily refused his direct appeal. Second, on December 8, 2008, Gleason's time period for seeking further review of his conviction expired because, pursuant to United States Supreme Court Rules 13.1 and 13.3, Gleason had a ninety-day period following the denial of his appeal

---

[1]Section 2244(d)(1)(B-D) are inapplicable as Gleason does not allege that government action prevented him from filing his petition, that a new United States Supreme Court case retroactively applied to his petition, or that he discovered new evidence.

on September 10, 2008, to file a petition for certiorari to the United States Supreme Court. Gleason did not file a petition for certiorari. Therefore, the time for seeking direct review of Gleason's state-court conviction concluded on December 8, 2008, when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Accordingly, pursuant to Federal Rule of Civil Procedure 6(a), the one-year limitation period commenced on December 9, 2008, the day after the event triggering the period. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (using Rule 6(a) to compute the one-year limitation period under 28 U.S.C. § 2244(d)(1)).

Well over a year later, on February 24, 2010, Gleason filed a petition for writ of habeas corpus in state court. Although 28 U.S.C. § 2244(d)(2) tolls the period of time when a properly filed application for state post-conviction relief is pending, Gleason's petition for writ of habeas corpus in state court was filed *after* the one-year limitation period had expired. Therefore, the tolling provision in 28 U.S.C. § 2244(d)(2) was not triggered when Gleason filed his petition for state post-conviction relief because "there was no federal limitations period remaining to toll." See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

Because the one-year limitation period expired on December 9, 2009 and the period was not tolled, Gleason's federal habeas petition, filed on June 6, 2013, is time-barred under 28 U.S.C. § 2244(d).

### V. Conclusion

Upon careful review of the record, it is the opinion of this Court that Judge

6

Seibert's Report and Recommendation **[Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, Petitioner's Objections **[Doc. 16]** are **OVERRULED**. It is further ordered that Respondent's Motion to Dismiss Petition as Untimely Filed **[Doc. 10]** is **GRANTED** and Petitioner's § 2254 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

**DATED**: October 21, 2013

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE